SEGHERS, AT-
TORNEY FOR
ABSENT HEIRS
*vs.*
ANTHEMAN,
EX. OF C. AN-
DRE, F. W. C.

---

*SEGHERS, ATTORNEY FOR ABSENT HEIRS vs. AN-THEMAN, EX. OF C. ANDRE, F. W. C.*

An appeal lies from an order revoking the appointment of an attorney for absent heirs.

APPEAL from the court of probates of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The court of probates having directed an instrument purporting to be the last will and testament of Catherine Andre, f. w. c. to be executed, and letters testamentary granted to the person named in it as executor; one of

the creditors of the deceased presented a pe-
tition, in which he stated that the will had
been obtained by circumvention and sugges-
tion, that he had reason to believe the testa-
trix had left some relations, and prayed that
a counsel might be appointed to represent
them.

On this petition the judge ordered an at-
torney to be appointed, who filed a petition
in which he alleged various grounds of nullity
in the will, prayed that it might be declared
void, and that the executor should be com-
pelled to surrender all the property of the
estate which had come into his possession.

Before the period fixed by law for answer-
ing this petition, the testamentary executor
took a rule on the attorney for the absent
heirs, to show cause why his appointment
should not be set aside. After hearing the
parties, the judge decided, that the order di-
recting an attorney for the absent heirs had
issued improvidently, and that it should be
reversed.

Before entering on the merits, a preliminary
question must be disposed of : It is contended,
that the judgment is not such a one as can be
appealed from, and that the person whose ap-

East'n District.
*March*, 1823.

SEGHERS, AT-
TORNEY FOR
ABSENT HEIRS
*vs.*
ANTHEMAN,
EX. OF C. AN-
DRE, F. W. C.

East'n District. pointment is vacated, has not been injured to
*March*, 1823. the amount of $300.

SEGHERS, AT-
TORNEY    FOR        But we are of opinion, that should it appear,
ABSENT HEIRS
*vs.*         on the further investigation of this subject,
ANTHEMAN,
EX. OF C. AN- that the present is a case in which an attor-
DRE, E. W. C.
ney has been legally appointed to heirs who
are absent, an order which is avowedly
given on the ground that none such exist, and
that it is not necessary a person should be ap-
pointed to defend them, does form sufficient
ground for appeal. The attorney not only
applies to this court to have an injury done to
himself redressed, but also to maintain a right
important to the absentees, and a denial of
the exercise of which, might work them an
irreparable grievance.

In a case just decided between the pre-
sent parties, we have expressed our opinion
on the validity of the will of the deceased;
and that opinion decides this case. Consider-
ing the testament good in law, the judge did
not err in revoking the power, for the heirs
were present.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court of pro-
bates, revoking the authority conferred on the
appellant as attorney for the absent heirs of

the late Catherine Andre, f. w. c. be affirmed with costs.

East'n District.
*March*, 1823.

*Seghers* for the plaintiff, *Denis* for the defendant.

SEGHERS, AT-
TORNEY FOR
ABSENT HEIRS
*vs.*
ANTHEMAN,
EX. OF C. AN-
DRE, F. W. C.